STATE use of JOHN M. ROBINSON, minor *vs.* ROGER ADAMS et al.

Postponements will not be allowed for the absence of one of several counsel, without consent.
The appointment of a guardian by the Orphans' Court in Maryland, certified under the seal of the register of wills, is not admissible in evidence.

WEDNESDAY, October 4, 1848.   Debt on an administration bond, c. t. a.

*Mr. Saulsbury* asked a postponement until his colleague, *Mr. Bayard*, should arrive.   Not being consented to by counsel, the motion was refused.   He then asked to strike his name from the record, which was also refused.

The case went on, and the plaintiff was nonsuited, the certificate of the appointment of plaintiff's guardian being rejected.

The certificate was in form pursuant to the act of 1839, [9 vol., 269,] but it was under the hand and seal of the register of wills of Caroline county, Maryland, certifying that the Orphans' Court had appointed plaintiff's guardian; instead of being under the seal of the Orphans' Court, and hand of the clerk of that court.

*Mr. Houston* suggested that the register of wills might be ex officio clerk of the Orphans' Court; but—

*The Court* said that it ought to appear by the certificate if it was so; and that nothing could supply the want of the court's seal.

Judgment of nonsuit.